UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDRE DWAIN TAYLOR,

    Petitioner,

v.                                            Case No. 24-cv-12540
                                                Hon. Sean F. Cox

NOAH NAGY,

    Respondent.

_____/

**<u>ORDER DENYING PETITIONER'S EMERGENY MOTION FOR BOND (ECF No. 2.)</u>**

On September 26, 2024, Andre Dwain Taylor, who was convicted in the Wayne Circuit Court of several felony offenses, filed this habeas petition under 28 U.S.C. § 2254. (ECF No. 1.) Taylor is currently free on a state appeal bond which may be set to expire as early as December 6, 2024.[1] (ECF No. 19-1, PageID.5211, 5218.) Taylor moves for an order granting him bond pending review of his habeas petition before he is required to surrender to the MDOC. (ECF No. 2.)

The Court held a hearing on the emergency motion on October 15, 2024, and it ordered additional briefing on new allegations Taylor raised for the first time at the hearing. (ECF No. 11.) The next day, Petitioner filed an emergency motion to stay the state court order revoking Taylor's appeal bond. (ECF No. 12.) The Court denied the motion to stay under 28 U.S.C. § 2283. (ECF

---

[1] On October 18, 2024, the state trial court issued an order indicating that Taylor's appeal bond surrender date was extended until at least January 17, 2025, at which point the trial court would "consider further adjournment or extension or require the defendant to surrender as previously ordered." Taylor attached of copy of this order to his pleadings. (*Id.*, PageID.5218.) Taylor asserts, however, that the trial court thereafter "agreed to adjourn the surrender date only under (sic) December 6, 2024, so this Court can resolve the issue." (*Id.*, PageID.5212.) Meanwhile, the docket sheet for the trial court shows that the next hearing in that court is scheduled for January 6, 2025. *See* https://cmspublic.3rdcc.org/CaseDetail.aspx?CaseID=3700398. The record before the Court is therefore unclear as to Taylor's actual surrender date.

No. 15.) Respondent filed its supplemental brief opposing bond on November 12, 2024 (ECF No. 18), Taylor filed a reply on November 13, 2024 (ECF No. 19), and the matter is now ready for decision.

I

Taylor asserts in his motion that he is entitled to bond pending habeas review because: (1) he raises a substantial claim on the merits as evidenced by the fact that the trial court ordered a new trial based on the claim, and because the Michigan Supreme Court remanded his case for reconsideration after the Court of Appeals initially reversed the order for a new trial, and (2) there are exceptional circumstances as "his sentence will be concluded if he is required to return to prison ... while this case is pending."[2] (ECF No. 2, PageID.64.)

At the hearing on Taylor's motion, he asserted for the first time the existence of a second, new exceptional circumstance. Taylor asserted that he is the sole guardian of his minor son, L.T., whose mother passed away while he was out on bond. Taylor asserts that L.T. was placed in the care of child protective services while he was in prison and has suffered greatly as a result. Taylor expanded on this assertion in a supplemental brief, adding the fact that he is also responsible for taking care of his elderly mother, he has two additional children, and he operates two businesses whose employees will lose their jobs if he returns to prison. (ECF No. 14.) In his reply brief, Taylor clarified that L.T.'s mother passed away in 2015, prior to his prosecution. (ECF No. 19.)

Respondent asserts that Taylor's claim is not substantial in light of the narrow standard of review under AEDPA, and no exceptional circumstances exist warranting bond. (ECF No. 8.)

---

[2] At the time he filed his motion, the state court had ordered Taylor to turn himself over to the MDOC by October 18, 2024. As indicated, it appears that date had been extended by the state trial court until at least December 6, 2024.

2

Respondent asserts in a supplemental brief that Taylor's allegations regarding his familial obligations are not sufficiently exceptional to justify bond pending review of the habeas petition. (ECF No. 18.)

II

Taylor was convicted of three counts of third-degree criminal sexual conduct and one count of assault with intent to commit sexual penetration. The Michigan Court of Appeals summarized the facts of the case:

> This case arises from a November 2017 sexual encounter involving defendant and the victim. At that time, the victim worked at a bar in Detroit, Michigan, where defendant was a patron. Defendant offered the victim a ride home after her shift ended, which the victim accepted. They stopped at a convenience store and defendant purchased condoms and other items. The pair went on to the victim's apartment, where they had sexual intercourse. After the victim asserted that defendant had sexually assaulted her in the apartment, defendant was arrested and charged.
>
> During defendant's jury trial, the trial court questioned defendant at length whether he intended to testify on his own behalf. Defendant asserted he would not testify at trial and would instead rely on his right to remain silent. In response, the trial court explained to defense counsel that it would not be able to instruct the jury on the defense of consent because, absent defendant's testimony, there was no evidence in the record suggesting the victim consented to the sexual intercourse. Defendant was convicted as noted.

*People v. Taylor*, No. 360535, 2023 Mich. App. LEXIS 519, 2023 WL 328326 (Jan. 19, 2023).

It appears Taylor was free on pretrial bond prior to his sentencing. Taylor was sentenced on June 6, 2019, to a controlling sentence of 3-15 years. (ECF No. 2-1, PageID.68.) Taylor was released on an appeal bond on September 2, 2020, meaning Taylor has only served approximately 15 months of his sentence.

Through present counsel, Taylor filed a motion for new trial in the state trial court asserting that his trial counsel was ineffective for advising him not to testify in his own defense. Taylor

asserted that his testimony was necessary to support a consent defense – the only viable defense theory given the facts of his case. After holding an evidentiary hearing, the trial court granted the motion and ordered a new trial. (ECF No. 2, PageID.72-92.)

The prosecutor appealed, and the Michigan Court of Appeals reversed, finding that Petitioner failed to demonstrate that he was prejudiced by his counsel's advice not to testify. (*Id.*, PageID.94-96.)

Taylor appealed, and the Michigan Supreme Court remanded the case to the Court of Appeals to reexamine the issue of prejudice. (*Id.*, PageID.98.)

On remand, the Court of Appeals found that Taylor had sufficiently demonstrated prejudice under *Strickland v. Washington,* 466 U.S. 668 (1984). The Court, however, found that Taylor failed to demonstrate that trial counsel's performance was deficient, thus rejecting Petitioner's claim on the other prong of the *Strickland* test. Specifically, the state court found that trial counsel had made a reasonable decision to forgo the consent defense because: (1) counsel was still able to mount the functional equivalent of a consent defense by challenging the elements of force or coercion,[3] (2) running an explicit consent defense required Taylor's testimony, which counsel believed would "do more harm than good" in light of his incriminating statement to police, (3) counsel used an expert witness to establish that the bruises on the complainant's neck were not caused by strangulation as she claimed, and (4) counsel was otherwise able to attack the complainant's credibility on cross-examination. (*Id.*, PageID.105-06.)

---

[3] The Court will likely find it useful for the parties to address in their future pleadings the issue regarding the similarities and differences under Michigan law between challenging a criminal sexual conduct charge by way of a consent defense versus simply challenging the elements of force or coercion.

4

Petitioner appealed again to the Michigan Supreme Court, but on September 20, 2024, his application for leave to appeal was denied by standard order. (*Id.*, PageID.108-14.)

As indicated above, since the Michigan Supreme Court's denial of leave to appeal, Taylor's state appeal bond has nevertheless been continued to at least December 6, 2024. (ECF No. 19-1, PageID.5212, 5218.)

III

There is no federal statute or court rule that addresses a district court's authority to grant a state prisoner bond during the pendency of habeas corpus proceedings. Sixth Circuit law nevertheless allows for bond pending habeas review where a petitioner demonstrates (1) a substantial claim of law based on the facts, and (2) exceptional circumstances justifying special treatment in the interest of justice. *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993) (quoting *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990)); *see also Nash v. Eberlin*, 437 F.3d 519, 526, n. 10 (6th Cir. 2006).

This standard is meant to be a difficult one. *Dotson*, 900 F.2d at 79. Because a habeas petitioner "is appealing a presumptively valid state conviction ... it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case." *Lee*, 989 F.2d at 871.

A

The Court first addresses whether Taylor raises a substantial claim of law based on the facts. Noting that the Michigan Supreme Court initially remanded his case for reconsideration of his claim and that the state trial court initially granted him a new trial, Taylor states "it is obvious that reasonable jurists can disagree" regarding the merits of his claim. (ECF No. 2, PageID.64.)

5

Where a state court adjudicates a claim on the merits, as here, a petitioner must show that the state court adjudication was contrary to, or involved an unreasonable application of, clearly established Supreme Court law. *See* 28 U.S.C. § 2254(d); *Harrington v. Richter*, 562 U.S. 86, 102 (2011). So long as fair minded jurists could disagree on the correctness of the state court's decision, it is not an unreasonable one. 562 U.S. at 101. It is therefore not enough for Petitioner to assert, as he does in his motion for bond, that "reasonable jurists can disagree" on the merits of his claim. If all Taylor can show is that "reasonable jurists can disagree," he had not demonstrated entitlement to habeas relief. Rather, Taylor must show that the error is *beyond* reasonable disagreement. *Mays v. Hines*, 592 U.S. 385, 392 (2021).

Nevertheless, the Court cannot conclude at this early stage of the proceedings that Taylor's claim is insubstantial. The fact that the state trial court granted relief with respect to his claim (only to later be reversed) is a factor tending to indicate that the claim is substantial. *See, e.g., Puertas v. Overton*, 272 F. Supp.2d 621 (E.D. Mich. 2003). The back-and-forth in the state courts shows that they did not view Taylor's claim as insubstantial.

Moreover, it certainly appears based on an initial reading of the state court opinions that Taylor's ineffective assistance of counsel claim has at least some arguable merit. For starters, even though it ultimately denied relief, the Michigan Court of Appeals found that defense counsel's decision to forego a consent defense resulted in *Strickland* prejudice, even if counsel's decision did not constitute deficient performance. On the other side of the ledger, Respondent has not yet been given a full and fair opportunity to file a responsive pleading on the merits of the petition.

For purposes of this opinion, and because the Court finds that exceptional circumstances are not present warranting bond pending habeas review, the Court will assume that Taylor's claim is not insubstantial.

B

Turning to the second prong, Taylor must demonstrate the existence of extraordinary circumstances justifying his release on bond pending review of his habeas petition.

Taylor asserted in his emergency motion that "his sentence will be concluded if he is required to return to prison … while this case is pending." (ECF No. 2, PageID.64.) That assertion was false. Taylor was sentenced to 3-15 years, and he has only served about 15 months of that term. Taylor's maximum discharge date from his sentence will occur in 2034. Taylor is nowhere near completing his sentence.

With respect to the possibility that Taylor will become eligible for parole or be released on parole during the pendency of this case, the parties indicated at the hearing on the emergency motion that the entry on the MDOC website showing that Taylor is immediately eligible for parole is incorrect. The parties also acknowledged that the time Taylor has been out on bond will not be counted towards his sentence, and that Taylor has not yet received any notice or indication that parole consideration is imminent. Accordingly, there is no likelihood whatsoever that Taylor's sentence "will be concluded" while this case is pending. Moreover, it is not at all unusual, let alone an extraordinary, for a habeas petitioner to become eligible for parole while their habeas case is pending.

Turning to Taylor's second alleged extraordinary circumstance, he asserts that his son, L.T., was placed in child protective services while he was in prison, and that it severely impacted his wellbeing. Taylor asserts that L.T.'s mother passed away, leaving him as the only available caregiver. Taylor refers to two additional children, C.T. and E.T., and he asserts that he is also responsible for caring for them and his elderly mother. Finally, Taylor asserts that he manages two

7

businesses, and his employees depend on him to maintain those businesses for their livelihoods. (ECF No. 14-1, PageID.5171-72.)

Based on the scant records Taylor provided to the Court, it appears that L.T.'s mother died on November 21, 2015. (*Id*., PageID.5175.) The records also show that L.T. was removed from the home (the records do not indicate whose home) on September 24, 2018, by child protective services. (*Id.*, PageID.5178.) The removal appears to have occurred shortly after Taylor was charged. (ECF No. 9-1, PageID.208.) L.T. was returned to Taylor's custody on February 13, 2024. (*Id.*, PageID.5178-83.)

It therefore appears that L.T. was in the care of protective services from September 2018 until February 2024, a period of about 5½ years. Meanwhile, Taylor was incarcerated for only about 15 months of that period. Taylor's assertion in his letter to the Court that L.T. was placed in protective services "during [his] time in prison" is also therefore untrue. (ECF No. 14-1, PageID.5171.) For the majority of the time that Taylor was free on pretrial and/or appeal bond, L.T. was nevertheless in the care of child protective services.

Nothing at all has been proffered by Taylor regarding his two other children. If anything, the letter filed by Taylor suggests that while he is the sole provider for L.T., his two other children have some other means of support with the exception of school tuition. (ECF No. 14-1, PageID.5171-72.) Nor does Taylor offer anything of substance regarding his obligation to care for his elderly mother or his two businesses. It is Taylor's burden to show that his case is exceptionally unusual, and he is the one seeking an exceptional and rare order granting him bond pending habeas review, yet he offers only conclusory statements regrading his two other children, his mother, and his businesses.

The Court is cognizant that another Judge in this District considered a habeas petitioner's familial obligations to be an extraordinary circumstance warranting bond pending habeas review. *See Moss v. Miniard*, No. 18-cv-11697, 2024 U.S. Dist. LEXIS 176141 (E.D. Mich. Sep. 27, 2024). That case is exceptional for the fact that the Court had previously granted habeas relief and was therefore intimately familiar with the merits of the petitioner's claims. And while the Sixth Circuit reversed the grant of habeas relief, the District Court noted that new evidence discovered after the reversal provided a "strong indication that an undisclosed portion of the state court record" supported one of the petitioner's claims. *Id.*, at *13. The prosecutor's conviction integrity unit is also investigating the case. *Id.*, at *7. Indeed, the involvement of a conviction integrity unit was a factor in the two most recent grants of bond pending habeas review in this Court. *See also Clark v. Hoffner*, No. 16-11959, 2020 U.S. Dist. LEXIS 61577, 2020 WL 1703870 (E.D. Mich. April 8, 2020).

Here, while the Court assumes for purposes of this opinion that Taylor's claims are not insubstantial, the Court in *Moss* and *Clark* were presented with more obviously substantial claims that they already had an opportunity to review. Not so here. While Taylor has filed a habeas petition and brief in support, Respondent has not yet been afforded a full and fair opportunity to respond to his claim on the merits. In light of the exceedingly narrow standard of review imposed by AEDPA, it is not at all as clear to this Court as it was in *Moss* and *Clark* that it has before it a "very unusual case" deserving of bond pending review. *Lee*, 989 F.2d at 871.

The Court is sympathetic to L.T.'s situation. He lost his mother in 2015. His father was charged and convicted of serious violent felony offenses in 2018. He has spent 5½ years in the care of child protective services. He was just recently reunited with his father this past February, but now his father has been ordered to report back to prison in December to serve a 15-year

9

sentence. As tragic as the situation is for L.T., however, it is not an extraordinary one. It is not at all unusual for family members of convicted defendants to suffer sever and adverse consequences as the result of a parent or spouse being ordered to serve a prison term. This is the usual circumstance for the people who depended on a person sentenced to prison - they lose the support.

The Court therefore finds that despite being given multiple opportunities to do so, Taylor has failed to demonstrate that extraordinary circumstances exist to justify his release on bond pending review of his habeas petition.

IV

The Court notes that Respondent has already filed the state court record with the Court. (ECF No. 9.) Respondent's responsive pleading to the petition is due December 30, 2024,[4] and Petitioner may then file a reply brief within 45 days. (ECF No. 3.) The Court encourages the parties to file their respective briefs as soon as practicable. The Court will then endeavor to expediate its consideration of the case and issue an opinion as soon as possible after the briefing is complete.

V

**IT IS HEREBY ORDERED** that the emergency motion for bond is **DENIED**.

Dated: November 20, 2024         s/Sean F. Cox
                                 Sean F. Cox
                                 U. S. District Judge

---

[4] The Court already halved the normal 6-month deadline for Respondent to file its responsive pleading.